J-S34013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRIS ALLAN GRIFFIN | : | |
| | : | |
| Appellant | : | No. 296 WDA 2024 |

Appeal from the PCRA Order Entered February 15, 2024
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000721-2019

BEFORE: DUBOW, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: October 21, 2024**

Appellant, Chris Allan Griffin, appeals from the February 15, 2024 order that dismissed his *pro se* petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely. Additionally, Appellant's appointed counsel, Matthew Parson, Esq., has filed an application to withdraw as counsel and a no-merit brief.[1] Upon careful review, we affirm and grant counsel's application to withdraw.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Attorney Parson titled the brief "***Anders/Baker*** brief" and referenced ***Anders v. California***, 386 U.S. 738 (1967) (setting forth the requirements for counsel to withdraw when a direct appeal is wholly frivolous) instead of filing a no-merit brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). While a ***Turner/Finley*** letter is the appropriate filing when counsel seeks to withdraw on a PCRA appeal, we may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter because an ***Anders*** brief "provides greater
*(Footnote Continued Next Page)*

**A.**

We glean the relevant factual and procedural history from the trial court opinion. On November 11, 2019, the Commonwealth charged Appellant with 8 counts of criminal conduct, later amended to 10 counts. On January 23, 2020, Appellant pleaded guilty to one count each of Aggravated Assault and Kidnapping, and, on May 28, 2020, the court sentenced him to an aggregate term of 12 to 40 years of imprisonment. Appellant did not file a direct appeal and, thus, his judgment of sentence became final on June 29, 2021. *See* 42 Pa.C.S. § 9545(b)(3) (explaining that "a judgment becomes final at the conclusion of direct review"); Pa.R.A.P. 903(a) (requiring notice of appeal to be filed within 30 days of the entry of the order from which the appeal is taken).

On September 12, 2023, Appellant *pro se* filed the instant PCRA petition averring that trial counsel was ineffective because she did not allow him to view his written plea agreement, and, thus, he was unaware that the Commonwealth had added a Kidnapping charge, and that the Commonwealth had never formally charged him with or arrested him for Kidnapping. PCRA Pet., 9/12/23, at 4. He also asserted that his attorney's ineffectiveness and the addition of the Kidnapping charge by the Commonwealth established the

protection to the [appellant.]" **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

newly discovered fact and government interference exceptions to the PCRA's time bar. *Id.*

On November 9, 2023, the PCRA court appointed Melissa Merchant-Calvert, Esq. as PCRA counsel. Attorney Merchant-Calvert then filed a petition to withdraw as counsel and a *Turner*/*Finley* "no-merit" letter asserting that Appellant's PCRA claim failed to overcome the PCRA's time-bar and therefore lacked merit.

On January 17, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice to dismiss Appellant's PCRA petition without a hearing, finding that it lacked jurisdiction to review the underlying merits of Appellant's claims because the PCRA petition was untimely, and Appellant failed to assert an applicable timeliness exception. Rule 907 Notice, 1/17/24, at 4. The PCRA court also granted Attorney Merchant-Calvert's petition to withdraw as counsel.

Appellant filed a response on February 8, 2024, claiming that another inmate had recently helped him obtain the victims' statements to police, which established that there was insufficient evidence to support a Kidnapping charge, and that Attorney Merchant-Calvert was ineffective because she filed a *Turner*/ *Finley* letter. Response to "No Merit Letter", 2/8/22, at 1, 3. On February 15, 2024, the PCRA court dismissed Appellant's PCRA petition as untimely.

**B.**

Appellant timely appealed. The PCRA court appointed Attorney Parson as appellate counsel. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[2] Attorney Parson then filed his No-Merit Brief and petition to withdraw as counsel.

In his No-Merit Brief, Attorney Parson indicated that Appellant wishes to raise the following issue for our review:

> Whether the [PCRA court] erred as matter of law or abused its discretion in determining that the PCRA was untimely after the petition being filed after around three years after sentencing when [Appellant] was not given the ability or aid to file the PCRA petition.

No-Merit Br. at 5.

## C.

Before we consider Appellant's claim, we must review counsel's request to withdraw. PCRA counsel seeking to withdraw under *Turner*/*Finley* must submit a brief "[1] detailing the nature and extent of counsel's diligent review of the case, [2] listing the issues which the petitioner wants to have reviewed, [3] explaining why and how those issues lack merit, and [4] requesting permission to withdraw." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted). "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's

---

[2] On May 28, 2024, the PCRA court filed a Statement in Lieu of Opinion directing this Court to its January 17, 2024 Rule 907 Notice of Intent to Dismiss. Statement in Lieu of Opinion, 5/28/24, at 1-2.

petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Id.*** (citation omitted).

If counsel has satisfied these requirements, we then conduct an independent review of the merits, and if we agree with counsel, we will grant counsel's application to withdraw and affirm the denial of PCRA relief. ***Id.***

We conclude that Attorney Parson satisfied the requirements of ***Turner/Finley*** as he detailed his review of this case, set forth Appellant's requested claim, determined that Appellant's PCRA claim was barred because his petition was patently untimely and none of the exceptions to the PCRA time bar applied, and requested to withdraw as counsel. Counsel also provided Appellant with a copy of the brief and application to withdraw attached to a June 26, 2024 letter explaining that Appellant may retain new counsel or proceed *pro se*, and may raise additional points to this Court. Having found that counsel met the technical requirements, we next conduct an independent analysis of Appellant's claim seeking PCRA relief.

**D.**

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal

conclusions." ***Commonwealth v. Smith***, 167 A.3d 782, 787 (Pa. Super. 2017) (citation omitted).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional prerequisite. ***Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003). To obtain relief under the PCRA, a petition must be filed within one year of the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed over two years after his judgment of sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1)—the government interference, newly discovered fact, and new constitutional right exceptions. Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).

\*

The PCRA court determined that Appellant failed to "allege in his petition facts to support one of the three statutory exceptions to the one-year time limit." Rule 907 Notice at 4. Our independent review of the record supports the PCRA court's conclusion.

First, Attorney Parson's No-Merit Brief indicates that Appellant wishes to raise one claim on appeal: that his petition meets an exception to the PCRA's time bar because he did not receive any aid in filing his PCRA petition. However, Appellant failed to raise this claim before the PCRA court. Accordingly, it is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see also Commonwealth v. Albrecht*, 720 A.2d 693, 706 (Pa. 1998) (noting that a claim for post-conviction relief cannot be raised for the first time on appeal to this Court).

Furthermore, following our independent review of the record, including the PCRA court's Rule 907 Notice, we conclude that there are no non-frivolous issues to be raised on appeal because Appellant's petition is patently untimely and he has failed to plead and prove an exception to the PCRA's time bar.

Accordingly, we grant Attorney Parson's application to withdraw and affirm the PCRA court's order dismissing Appellant's PCRA petition.

Application for Leave to Withdraw as Counsel granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/21/2024

- 7 -